Order Form (01/2005)

# 11 C 4687 United States District Court, Northern District of Illinois

| Judge Blanche M. Manning<br>Magistrate Judge Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|
| **CASE NUMBER** | 08 CR 241 | **DATE** | July 7, 2011 |
| **CASE TITLE** | U.S. v. Serrano-Espinoza | | |

**DOCKET ENTRY TEXT**

Before the court is the defendant's "Motion for Sentence Adjustment and Downward Departure Under Extraordinary Circumstances of Serious Consequences Under Non-Citizen Status." The defendant is notified that the court intends to treat his filing as a § 2255 motion. As such, he is directed to file a memorandum no later than August 5, 2011, demonstrating why the motion should not be dismissed as untimely. Alternatively, the defendant may withdraw his motion by the same date. The clerk is directed to place a copy of the defendant's letter on the electronic docket

■[ For further details see text below.]

00:00

## STATEMENT

Before the court is the defendant's "Motion for Sentence Adjustment and Downward Departure Under Extraordinary Circumstances of Serious Consequences Under Non-Citizen Status," which the court received via U.S. Mail on June 22, 2011. In the motion, the defendant states that as part of his sentence, the court recommended that he participate in a residential drug and alcohol treatment program and that he serve his term of imprisonment in the Chicago area. He asserts that because he is not a citizen, he has been barred from receiving various benefits, including placement in the residential drug treatment program, and that his sentence should therefore be adjusted downward. He further contends that he was "lured" into pleading guilty by his lawyer because he believed that by doing so, he would be housed near his family, placed in the residential drug treatment program which could reduce the time spent in prison, and would be eligible to be placed in a halfway house upon his release.

*Castro v. United States*, 540 U.S. 375, 383 (2003), provides that when a court believes that a pro se motion amounts to a petition under 28 U.S.C. § 2255, the pro se litigant should be informed of the court's intent to recharacterize said motion based on the following rationale:

> The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

## STATEMENT

*Id.* at 383 (emphasis added). The court construes the defendant's motion to be one pursuant to 28 U.S.C. § 2255 because he appears to be alleging that his attorney provided constitutionally ineffective assistance of counsel. However, it appears that his motion is untimely. A federal prisoner has one year from the date on which his judgment became final to file a § 2255 motion. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003). "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Id.* at 527.

The defendant did not file a notice of appeal. Accordingly, his case was never in the Court of Appeals for the Seventh Circuit and he thus could not file a petition for a writ of certiorari. *Latham v. U.S.*, 527 F.3d 651 (7th Cir. 2008) ("All that is necessary [to allow a person to file a petition for a writ of certiorari] is that a case be 'in' the court of appeals. A notice of appeal from a final decision puts the case in the court of appeals.").

Thus, the statute of limitations period began to run after the time to appeal to the Seventh Circuit expired, which was ten days (the time to appeal has since changed to 14 days in a criminal case, *see* F.R.A.P. 4(b)(1)(A)), after the judgment and commitment was entered. Because the court entered judgment on August 12, 2009, the defendant's judgment became final on August 22, 2009. The defendant had until one year later to file a § 2255 motion, which was August 22, 2010. The envelope in which the defendant sent his motion is postmarked June 20, 2011, and thus is untimely. *See Houston v. Lack*, 487 U.S. 266, 276 (motion considered "filed" on date prisoner deposits motion in prison mail system).

Accordingly, the defendant is notified that the court intends to treat his filing as a § 2255 motion. As such, he is directed to file a memorandum no later than August 5, 2011, demonstrating why this case should not be dismissed as untimely. Alternatively, the defendant may withdraw his motion by the same date.

The clerk is directed to place a copy of the defendant's letter on the electronic docket.

RH/p