# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4687 | **DATE** | August 18, 2011 |
| **CASE TITLE** | U.S. v. Serrano-Espinoza | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, because the petitioner has not sought to withdraw his section 2255 motion and for the reasons stated in the July 12, 2011, order, the motion [1-1] is denied as untimely. Further, the court declines to issue a certificate of appealability. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■[ For further details see text below.]

00:00

## STATEMENT

On July 12, 2011, this court entered an order advising the petitioner that it was construing his letter, which was received by the court on June 22, 2011, as a section 2255 motion. The July 12, 2011, order further advised the petitioner that the section 2255 motion appeared to be untimely and gave him until August 5, 2011, to file a memorandum demonstrating why his motion should not be dismissed as time-barred. The order also advised the petitioner that he could withdraw his motion by that same date. As of the date of this order, the petitioner has not filed anything with the court. Accordingly, because the petitioner has not sought to withdraw his section 2255 motion and for the reasons stated in the July 12, order, the motion is denied as untimely.

As a result of amendments to Rule 11 of the Rules Governing § 2255 Cases, the court must consider whether a certificate of appealability should issue. See Rule 11(a) of the Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant"). Under 28 U.S.C. § 2253(c)(2): (1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

Here, the court's inquiry begins and ends at the non-constitutional statute of limitations issue. The

| STATEMENT |
|---|
| court finds that there can be no substantial argument that its decision is wrong as the disposition of the limitations question is based on well-settled law.  Accordingly, the court declines to issue a certificate of appealability.  The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket. |
| RH/p |